

Michael J. Low  (Cal. Bar No. 178517)
mlow@doylelow.com
Jaime B. Herren (Cal. Bar No. 271680)
jherren@doylelow.com
DOYLE LOW LLP
3640 Mt. Diablo Blvd., Suite 202
Lafayette, CA  94549
925.295.1800 telephone
925.298.5944 fax

Attorneys for Plaintiffs
SalesForceOne LLC and
Pars International Computer, Inc.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SalesForceOne LLC, a California limited
liability company, and Pars International
Computer, Inc., a California corporation,

           Plaintiffs,

    v.

Salesforce.com, Inc., a Delaware corporation,

          Defendant.

Case No.

**COMPLAINT FOR TRADEMARK, SERVICE MARK AND TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

**AND**

**DEMAND FOR JURY TRIAL**

Plaintiff SalesForceOne LLC, and Plaintiff Pars International Computer, Inc., for their **COMPLAINT FOR TRADEMARK, SERVICE MARK AND TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT** against Defendant Salesforce.com, Inc., allege as follows:

<u>**PARTIES**</u>

1.    Plaintiff SalesForceOne LLC, (hereafter "Plaintiff SalesForceOne LLC") is a limited liability company, organized and existing under the laws of the State of California. Plaintiff SalesForceOne maintains a principal place of business at 21353 Cabot Boulevard, Hayward, California 94545, and does business within this Judicial District.

DOYLE LOW LLP

2.     Plaintiff Pars International Computer, Inc., (hereafter "Plaintiff Pars") is a corporation organized and existing under the laws of the State of California. Plaintiff Pars maintains a principal place of business at 21353 Cabot Boulevard, Hayward, California 94545, and does business within this Judicial District.

3.     Plaintiff SalesForceOne is wholly owned by Plaintiff Pars.  Plaintiff Pars and Plaintiff SalesForceOne LLC are collectively referred to as the "Plaintiff" or "SalesForceOne." Collectively, Plaintiff Pars and Plaintiff SalesForceOne LLC, own all of the rights herein alleged to be owned by the Plaintiff.

4.     Defendant Salesforce.com, Inc., (hereafter "Defendant Salesforce.com") is a corporation, organized and existing under the laws of the State of Delaware that maintains a principal place of business at One Market Street, Suite 300, San Francisco, California 94105, and does business within this Judicial District.

## JURISDICTION AND VENUE

5.     This action arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, et seq., and California common law.  The action is for trademark, service mark and trade name infringement, unfair competition, false designation of origin, and unjust enrichment.

6.     This Court has original subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121,  28 U.S.C. § 1338,  and 28 U.S.C. § 1331.   This Court has supplemental subject matter jurisdiction over the remaining claims under 28 U.S.C. § 1367(a).

7.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendant resides in this Judicial District and a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## INTRADISTRICT ASSIGNMENT

8.     Because this is a trademark action, pursuant to Northern District Local Rule 3-2(c) and Northern District General Order 44(D)(3), venue for this case is proper in any

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.**

DOYLE LOW LLP

courthouse in this Judicial District.

## NATURE OF THIS LAWSUIT

9.      Plaintiff SalesForceOne uses "*SalesForce1*" and "*SalesForceOne*" as a trade name and as a trademark/service mark for customer relationship management (CRM) products and services.

10.     The Plaintiff introduced the *SalesForceOne* trade name in 1997.   Exhibit 1, attached hereto, is a page capture from Network Solutions and the WHOIS Domain Registration Information showing the August 28, 1997, registration date for the domain name: SALESFORCEONE.COM by the Plaintiff.

11.     Defendant Salesforce.com was initially founded in 1999.

12.     Both the Plaintiff and the Defendant are focused on customer relationship management (CRM) products and services.

13.     Both the Plaintiff and the Defendant are headquartered in the San Francisco Bay Area.

14.     Nevertheless, with full knowledge of Plaintiff SalesForceOne's prior use, Defendant Salesforce.com introduced on November 13, 2013, and is now using the "Salesforce1*"* trademark/service mark for virtually identical goods and services.

15.     Defendant Salesforce.com did this after threatening Plaintiff SalesForceOne for several years in an attempt to intimidate and scare-off the Plaintiff from its prior use of "*SalesForce1*" and "*SalesForceOne*" as its trade name and as a trademark/service mark.

## THE HISTORY BEHIND PLAINTIFF SALESFORCEONE LLC

16.     The *SalesForceOne* trademark/service mark and trade name, being inspired by Air Force One and its American reputation for excellence, is inherently distinctive.

17.     In 1998, the *SalesForceOne* platform of products and services was honored as an IBM SF Fast Start Challenge 1998 Award Winner.   Exhibit 3, attached hereto, is a capture of a webpage from the Plaintiff's website acknowledging this award.

18.     As far back as 1998, the Plaintiff's website included contact information, follow-

DOYLE LOW LLP

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.**

up screens, pull-down menus, and downloadable .pdf's related to its *SalesForceOne* suite of products and services.

19.    As far back as 1998, the Plaintiff's website included reference to *SalesForceOne* as the trade name for the entity under which its ActiveCatalog product was offered.  As stated in Exhibit 2, "SalesForceOne is dedicated to providing the most innovative sales automation and electronic commerce products, sites & services."  Exhibit 2, attached hereto, is a capture of a page from the Plaintiff's website from 1998.

20.    For the next several years, on the www.pars.com website, the Plaintiff set forth its E-Commerce Solutions as including its SalesForceONE suite of products and services.  At that time, the Plaintiff capitalized the "ONE" in the designation.  As explained, over 10 years ago, on the Plaintiff's website:

> SalesForceONE is the culmination of years of research and development in sales automation and electronic commerce.
>
> The SalesForceONE Suite, consisting of the SalesForceONE Database, various SalesForceONE applications, and the SalesForceONE Web Site, provide a complete integrated sales automation and e-commerce system capable of scaling from small business environments to large corporate and high-traffic Internet Portal installations.
>
> Robust applications with intuitive features mark the SalesForceONE Suite for simple deployments with a short learning curve. Intelligent Client-Server architecture with multiple options ensure compatibility with existing user systems.  Detail-oriented design provides thorough applications, sure to meet customer needs.

Exhibit 4, attached hereto, is a page capture dated April 5, 2001 from the www.pars.com website.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.**

DOYLE LOW LLP

DOYLE LOW LLP

21.    Exhibit 4 identifies the following products as being offered under the *SalesForceOne* platform of products and services:  The SalesForceOne DataBase, The SalesForceOne Resource Manager, SaleForceOne ActiveQuote, and the SalesForceOne ActiveCatalog.

22.    As to SalesForceOne DataBase, as explained in Exhibit 4:

The heart of the SalesForceONE Suite is the SalesForceONE Database, SFDB.  The SalesForceONE Database provides for storage of all information relevant to SalesForceONE activity, providing redundancy over existing applications.  SFDB is designed to scale across multiple platforms.  SFDB has built-in redundancy, data-correction algorithms, and multi-user capacities.

23.    As to SalesForceOne Resource Manager, as explained in Exhibit 4:

The SalesForceONE Resource Manager is the center of inventory maintenance & product catalog design.  Drag & Drop functionality, as well as smart, intuitive design make the arduous task of catalog & inventory maintenance easier.  Support for assemblies, common groups of parts with substitutable options, makes even the most complex multi-part sales structure manageable.  Designed for the way you work, whether your business if floral or jewelry, or computers, SalesForceONE Manager will make your inventory & catalog management easier.

24.    As to SalesForceOne ActiveQuote, as explained in Exhibit 4:

SalesForceONE ActiveQuote produces quotes, invoices, and other inventory & contact-based documents.  SalesForceONE ActiveQuote exists in two forms, a standalone application: ActiveQuote Studio, and an ActiveX Control embedded in Microsoft Outlook.    SalesForceONE quote adds document

production facilities to your contact manager, centering all documents around the contact.

25.    As to SalesForceOne ActiveCatalog, as explained in Exhibit 4:

SalesForceONE ActiveCatalog™ is the mechanism by which the Catalog developed in the SalesForceONE Resource Manager is implemented as a Web-based catalog, capable of selling products on the web.  Users of the Web-based catalog only see an HTML application, uncluttered by Java applets and ActiveX controls.  Viewable in all major browsers, and optimized for cross-compatibility, you can be sure all of your clients will see your catalog the way you design it.  Multiple design options ensure that your Web-based catalog will fit well into your existing Web site, and be easily differentiated from other SalesForceONE Enabled Web sites.

26.    Exhibit 5, attached hereto, is a page capture dated May 7, 2001, from the www.pars.com website.  It is the "follow on" page if a user were to click through the SalesForceOne ActiveCatalog link.  It explains "Multiple Application Support" and "Scaling Options."

27.    Exhibit 6, attached hereto, is a page capture dated May 7, 2001, from the www.pars.com website.  It is the follow on page if a user were to click through the SalesForceOne ActiveQuote link.  It discusses the "Contact-Centric Model"  "Application Integration" and "Document Portability."

28.    Exhibit 7, attached hereto, is a page capture dated May 1, 2001, from the www.pars.com website showing the contact information for Pars.  The Plaintiff has been located in Hayward since then.

29.    Exhibit 8, attached hereto, is a page capture dated May 1, 2001, from the www.pars.com website showing the "Submit your feedback" page for the website.

DOYLE LOW LLP

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.

DOYLE LOW LLP

30.     In 2009, Plaintiff SalesForceOne updated its www.salesforceone.com website. Exhibit 9, attached hereto, are page captures from the wwwsalesforceone.com website dated April 8, 2010; February 26, 2011; December 3, 2012; and, January 3, 2013. These page captures show the Plaintiff's continuous use of its updated www.salesforceone.com website for approximately four years prior to the Defendant's adoption of the SalesForce1 trademark.

31.     The functionality of the Plaintiff's website has continued to expand and includes reference to specific products and services, as well as contact information, phone numbers, the ability to register to use products, and fill in screens.   In particular, in 2009 the www.salesforceone.com website was running Microsoft SharePoint with the Microsoft FrontPage web site administration tool, based on the Microsoft IIS 6.0 web server. The website was serving content related to its host name. Over time there has been increasing web traffic and additional site content with more functionality being added.

32.     Exhibit 10, attached hereto, is a page capture from the www.salesforceone.com website showing certain functionality of the website.

33.     The *SalesForceOne* trade name and the www.salesforceone.com website was used to identify and distinguish the Plaintiff as a business and its goods and services from those manufactured or sold by others and to indicate the source of those goods and services.

34.     The www.salesforceone.com website was in use in interstate commerce.   It represented the goods and services as being offered in interstate commerce, and displayed the *SalesForceOne* trade name and trademark/service mark in the offering and advertising of its business, products and services.

35.     All during this time, since the adoption of the *SalesForceOne* trade name and trademarks/service marks in 1997, the Plaintiff intended to continuously use the *SalesForceOne* trade name and trademarks/service marks in interstate commerce.

36.     In response to the Plaintiff's revised website and activities, Defendant Salesforce.com sent a cease and desist letter, dated September 25, 2009, to Plaintiff SalesForceOne (which was misaddressed as "Dynamic Network Factory, Inc. dba

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.

1  SalesForceONE, Inc.") demanding that the Plaintiff stop using ***SalesForceOne***.

2  37.    In that letter, Defendant Salesforce.com acknowledged it was aware of Plaintiff

3  SalesForceOne's use in commerce of its ***SalesForceOne*** trademark, stating:

4  DNF offers consulting services for implementation of Salesforce's

5  customer relationship management ("CRM") systems through its

6  www.salesforceone.com website in direct and unfair competition

7  with   Salesforce.   The   SALESFORCEONE   mark   and

8  <salesforceone.com > domain name are, of course, nearly identical

9  to our client's Salesforce Marks and are therefore confusingly

10  similar. In addition, DNF's services are identical to and compete

11  with our client's Salesforce.com CRM consulting services.

12  Exhibit 11, attached hereto, is a copy of the letter dated September 25, 2009, from the Defendant

13  to the Plaintiff.

14  38.    Defendant Salesforce.com's letter concluded with threats of an "injunction,"

15  "damages," and "attorney's fees" for "willful and intentional infringement."    Defendant

16  Salesforce.com demanded that Plaintiff SalesForceOne:

17  1)    Immediately   cease   all   use   of   the   infringing

18  SALESFORCEONE mark;

19  2) Promptly relinquish the www.salesforceone.com website

20  by transferring the domain name registration to Salesforce; and

21  3) Agree not to use or register any mark or domain name

22  that is likely to cause confusion, deception, and mistake with

23  respect to the Salesforce Marks in the future.

24  39.    In subsequent discussions, Defendant Salesforce.com learned that the Plaintiff, in

25  fact, was the senior user of the ***SalesForceOne*** trade name and trademark/service mark.

26  Defendant Salesforce.com did not pursue its threat of litigation.

27  //

DOYLE LOW LLP

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.

40.    However, Defendant Salesforce.com did succeed, in part, with its goal of intimidating and scaring-off the Plaintiff.  In response to that cease and desist letter, the Plaintiff curtailed its solicitation of new clients from fear of being sued by a company with an unlimited litigation budget.  However, the Plaintiff continued to maintain its website, update its software, and provide support to its customers who asked for it.

41.    Then by way of a letter dated June 7, 2011, Defendant Salesforce, sent another threatening letter to Plaintiff SalesForceOne.  This letter acknowledged the two years of continuous use of the **SalesForceOne** trademark by the Plaintiff and stated, in relevant part:

> *Your continued use of the SALESFORCEONE mark in connection*
> *with online customer relationship and business management*
> *services is simply unacceptable to Salesforce.* We can only surmise
> from SalesforceONE's actions that it intends to continue expanding
> further into Salesforce's market, irrespective of Salesforce's
> superior rights. Your ongoing use of the SALEFORCEONE mark,
> even after Salesforce contacted you to demand that you stop your
> commercial use of its intellectual property, constitutes willful
> infringement of our client's trademark rights. Under trademark law,
> our client is entitled to injunctive relief and substantial monetary
> damages for your continuing infringement.

(Emphasis added.)  Exhibit 12, attached hereto, is a copy of the letter dated June 7, 2011, from Defendant Salesforce.com to the Plaintiff.

42.    Defendant Salesforce.com was objecting to the Plaintiff's use of its **SalesForceOne** mark, which the Plaintiff had been using on those same identified goods and services prior to the creation of Defendant Salesforce.com and for which Plaintiff had received an IBM award in 1998.

43.    Once again, the Plaintiff asserted its prior use of the **SalesForceOne** trade name and trademark/service mark, and once again, Defendant Salesforce.com, did not file suit.

DOYLE LOW LLP

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.**

44.     Instead, Defendant Salesforce.com contacted the Plaintiff's salespeople directly, threatening them if they continued to sell and promote the Plaintiff's *SalesForceOne* suite of products and services.

45.     These offensive actions by Defendant Salesforce.com were intended to drive the Plaintiff out of business, intimidate and scare off the Plaintiff from its continued offering of its *SalesForceOne* suite of products and services and from its use of its *SalesForceOne* trade name.

46.     Two more years went by without any apparent action by Defendant Salesforce.com.  However, on November 13, 1013, Defendant Salesforce.com, without notice or permission from the Plaintiff, stole the Plaintiff's identical trade name and trademark/service mark by introducing the Defendant's SalesForce1 trademarks/service marks at its Dreamforce marketing conference in San Francisco.

47.     Defendant Salesforce.com adopted the *Salesforce1* trademark/service mark as its own, with full knowledge of the Plaintiff's prior use of the *SalesForce1* and *SalesForceOne* trademarks/service marks and the Plaintiff's use of *SalesForceOne* as a trade name.

48.     The Plaintiff had used a stylized form of the SalesForceOne name and marks, as shown in Exhibit 13.  The stylizing included the numeral "1" in a larger format than the accompanying font size of the word portion of the mark.  The Defendant not only copied the SalesForceOne name and marks but it also copied Plaintiff's stylized unique formatting by included the numeral "1" in a larger format than the accompanying font size of the word portion of the mark.  Exhibit 13, hereto is a copy of a webpage showing Defendant's stylized use of *Salesforce1.*

49.     The Defendant has also sought to register this stylized unique formatting with the US Patent and Trademark Office.  Exhibit 14, hereto is a copy of the record of that application from the US Patent and Trademark Office, Application Serial No. 86266639, filed April 29, 2014, and listing October 31, 2013 as the priority date, which is otherwise considered the date of first use by Salesforce.com of its stylized *Salesforce1*.

50.     The Defendant's Application, Serial No. 86266639, confirms that Defendant

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.**

Salesforce.com's use of **Salesforce1** as a trademark is distinct from its prior use of the "Salesforce.com" trademark, which is covered by different trademark applications and registrations.

51.    On December 17, 2014, the Plaintiff sent a cease and desist letter to the Defendant Salesforce.com, asking that they stop using the **Salesforce1** trademark/service mark.

52.    To validate and assure its customers that it remained the senior user of the **SalesForceOne** platform of products and services, the Plaintiff began contacting companies listed in its internal database, which included the users of its **SalesForceOne** suite of products and services.  Defendant Salesforce.com demanded that the Plaintiff stop contacting any of these companies regarding the Plaintiff's **SalesForceOne** suite of products and services.  Again, in fear of being sued, the Plaintiff has been unable to contact its current users of its **SalesForceOne** suite of products and services to clarify the confusion caused by the Defendant's conduct.

53.    Discussions between the parties ensued but no resolution was reached.

54.    The Plaintiff has been prejudiced by the Defendant's unreasonable delay in pursuing a resolution of these conflicting rights since its first cease and desist letter in 2009.

55.    The Plaintiff has been prejudiced and damaged by the Defendant's adoption of the Salesforce1 trademark/service mark prior to obtaining a resolution of these conflicting rights.

56.    Since Defendant Salesforce.com's adoption of the Salesforce1 trademarks/service mark, confusion has occurred such that customers are under the mistaken impression that the Defendant is the senior user of the **SalesForceOne** trade name, services and products.

57.    Defendant Salesforce.com, albeit as the junior user of these trademarks, has established itself as the source of goods and services identified by these marks through an enormous advertising campaign, which has diminished and damaged the Plaintiff's reputation.

58.    Due to the Defendant's adoption of the Salesforce1 trademark/service mark, the public has come to understand that the Plaintiff's products/services are really those of the Defendant, or that Plaintiff must be associated with the Defendant.

//

**FIRST CAUSE OF ACTION**

**(Trademark and Service Mark Infringement)**

**(15 U.S.C. § 1125(a))**

59.    The Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

60.    Long prior to the acts of the Defendant complained of herein, and in particular, the Defendant's adoption and use of the Salesforce1 trademark in 2013, the Plaintiff had adopted and used its *SalesForceOne* trademark and service mark.

61.    By reason of the inherent distinctiveness of the *SalesForceOne* trademark and service mark, the *SalesForceOne* trademark and service mark should indicate to customers, potential customers and the trade that goods and services offered and provided under and in connection with the *SalesForceOne* trademark and service mark are offered and provided by the Plaintiff.

62.    As a result of the Defendant's marketing, promotion and sales of goods and services under and in connection with the Salesforce1 trademark, the *SalesForceOne* trademark and service mark consumers, potential consumers and the trade believe that *SalesForceOne* brand products and services originate from the Defendant.

63.    Since 2013, the Defendant has used the Salesforce1 trademark and service mark with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, by improperly appropriating the Plaintiff's valuable trademark rights.

64.    The Defendant's use and continued use of the Salesforce1 trademark and service mark is unlawful, unfair, and fraudulent and has caused and is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public.

65.    The Defendant's use and continued use of the Salesforce1 trademark and service mark has and will continue to create the erroneous impression that the Plaintiff's use of the *SalesForceOne* trademark and service mark is authorized, endorsed, sponsored, authorized or approved by the Defendant and has impaired Plaintiff's ability to expand and thrive.

DOYLE LOW LLP

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.

66.    Defendant Salesforce.com's use of the Salesforce1 trademark and service mark is a use in interstate commerce and constitutes a false designation of origin and a false and misleading description and representation of goods and services in interstate commerce, with knowledge of the falsity, which has and is likely to cause confusion, mistake and deception as to the origin of both parties' goods and services in violation of 15 U.S.C. § 1125(a).

67.    Defendant Salesforce.com's acts as complained of herein, constitute trademark infringement and service mark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.    The aforesaid acts of trademark infringement service mark infringement were and continue to be willful and intentional.

69.    The aforesaid acts of trademark infringement will continue unless enjoined by this Court.

70.    The Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of trademark infringement and service mark infringement in an amount that is not presently known to the Plaintiff.  By reason of the aforesaid acts, the Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

71.    Because of the acts of trademark infringement and service mark infringement by Defendant Salesforce.com, the Plaintiff has suffered and continues to suffer great and irreparable injury, for which the Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### (Trade Name Infringement)

### (15 U.S.C. § 1125(a))

72.    The Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

73.    Long prior to the acts of the Defendant complained of herein, and in particular, its

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.

DOYLE LOW LLP

adoption and use of the Salesforce1 trademark in 2013, the Plaintiff had adopted and used its *SalesForceOne* trade name as its business designation and as its URL, www.salesforceone.com and www.salesforce1.com.

74.     The *SalesForceOne* trade name identifies and distinguishes Plaintiff from other companies, partnerships and businesses.

75.     As a result of the Defendant's marketing, promotion and sales of goods and services under and in connection with the Salesforce1 trademark, consumers, potential consumers and the trade now understand the *SalesForceOne* trade name originates from the Defendant.

76.     The Defendant has used the Salesforce1 trademark and service mark with the express intent to improperly appropriate the Plaintiff's valuable trade name rights.

77.     The Defendant has impaired the Plaintiff's ability to expand and thrive.

78.     The Defendant's use and continued use of the Salesforce1 trademark and service mark is unlawful, unfair, fraudulent and has caused and is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and creates the erroneous impression that the *SalesForceOne* trade name is somehow related to and/or authorized, endorsed, sponsored, or approved by the Defendant.

79.     Defendant Salesforce.com's use of the Salesforce1 trademark and service mark is a use in interstate commerce and constitutes a false designation of origin and a false and misleading description and representation of goods in interstate commerce, with knowledge of the falsity, which has and is likely to cause confusion, mistake and deception as to the origin of the Plaintiff's trade name, all within the meaning and in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     The aforesaid acts of trade name infringement were and continue to be willful and intentional.

81.     The aforesaid acts of trade name infringement will continue unless enjoined by this Court.

82.    Defendant Salesforce.com has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of trade name infringement in an amount that is not presently known to the Plaintiff.  By reason of the aforesaid acts, the Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

83.    Because of the acts of trade name infringement by Defendant Salesforce.com, the Plaintiff has suffered and continues to suffer great and irreparable injury, to its trade name for which the Plaintiff has no adequate remedy at law.

## **THIRD CAUSE OF ACTION**

### **(Unfair Competition and False Designation of Origin)**

### **(15 U.S.C. § 1125(a))**

84.    The Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

85.    Long prior to the acts of Defendant Salesforce.com complained of herein, and in particular, its adoption and use of the Salesforce1 trademark/service mark in 2013, the Plaintiff had adopted and used its ***SalesForceOne*** trade name, trademark and service mark.

86.    Defendant Salesforce.com's marketing, promotion and sales of goods and services under and in connection with the Salesforce1 mark, constitutes unfair competition and a false designation of origin in that consumers, potential consumers and the trade understand that the ***SalesForceOne*** trade name, trademark and service mark are associated with products and services which originate from the Defendant and the business of Defendant.

87.    The Defendant's use of the Salesforce1 trademark and service mark constitutes unfair competition and a false designation of origin as to Plaintiff's valuable trade name rights.

88.    The Defendant's adoption and use of the Salesforce1 trademark and service mark with the express intent to cause confusion and mistake as to the source of origin of goods and services associated with the Salesforce1 trade name, trademark and service mark.

89. Defendant has impaired Plaintiff's ability to expand and thrive.

90. The Defendant's use of the Salesforce1 trademark and service mark constitutes a use in interstate commerce and constitutes unfair competition and a false designation of origin as to the origin of the Plaintiff and its goods, services and commercial activities, all within the meaning and in violation of 15 U.S. C.§ 1125(a).

91. Defendant Salesforce.com has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of unfair competition and false designation of origin in an amount that is not presently known to the Plaintiff.

92. By reason of the aforesaid acts, the Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

93. Because of the acts of unfair competition and false designation of origin by Defendant Salesforce.com, the Plaintiff has suffered and continues to suffer great and irreparable injury, for which the Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

**(Unfair Competition - Trademark, Service Mark and Trade Name Infringement)**

**(Cal. Bus. & Prof. Code § 17200, et seq., and California common law)**

94. The Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

95. Long prior to the acts of the Defendant Salesforce.com complained of herein, and in particular, its adoption and use of the Salesforce1 trademark in 2013, the Plaintiff had adopted and used its *SalesForceOne* trademark and service mark.

96. Long prior to the acts of the Defendant complained of herein, and in particular, its adoption and use of the Salesforce1 trademark in 2013, the Plaintiff had adopted and used its *SalesForceOne* trade name as its business designation and as its URL, www.salesforceone.com and www.salesforce1.com.

97. The *SalesForceOne* designation should indicates to customers, potential

DOYLE LOW LLP

customers and the trade that goods and services offered and provided under and in connection with it are offered and provided by the Plaintiff.

98.    By reason of the inherent distinctiveness of the **SalesForceOne** designation, the **SalesForceOne** trade name, trademark and service mark should indicate to customers, potential customers and the trade that goods and services offered and provided under and in connection with the **SalesForceOne** trademark and service mark are offered and provided by the Plaintiff.

99.    As a result of Defendant Salesforce.com's marketing, promotion and sales of goods and services under and in connection with the Salesforce1 trademark and service mark, consumers, potential consumers and the trade believe that the **SalesForceOne** business and branded products and services originate from the Defendant.

100.    Defendant Salesforce.com has used the Salesforce1 trademark and service mark with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, by improperly appropriating the Plaintiff's valuable trademark rights.

101.    The Defendant's use and continued use of the Salesforce1 trademark and service mark has caused and is unlawful, unfair, fraudulent and likely to cause confusion, mistake or deception in the minds of the trade and purchasing public.

102.    The Defendant's use and continued use of the Salesforce1 trademark and service mark impaired Plaintiff's ability to expand and thrive.

103.    The Defendant's use and continued use of the Salesforce1 trademark and service mark has and will continue to create the erroneous impression that the Plaintiff's use of the **SalesForceOne** trade name, trademark and service mark is somehow related to and/or authorized, endorsed, sponsored, or approved by the Defendant.

104.    The Defendant's use of the Salesforce1 trademark and service mark is a use in interstate commerce and constitutes a false designation of origin and a false and misleading description and representation of goods and services in interstate commerce, with knowledge of the falsity, which has and is likely to cause confusion, mistake and deception as to the origin of both parties and their respective businesses, goods and services in violation of Cal. Bus. & Prof.

Code § 17200, *et seq.* and California common law.

105.    The Defendant's acts, as complained of herein, constitute infringement of Plaintiff SalesForceOne's trade name, trademark and service mark rights in the ***SalesForceOne*** word mark under California statutory and common law, as the ***SalesForceOne*** word mark is protected under the common law against unauthorized use and infringement and under the statutes of the State of California.

106.    The Defendant's infringement was and continues to be willful and intentional.

107.    The Defendant's infringement will continue unless enjoined by this Court.

108.    Defendant Salesforce.com has derived and received, and will continue to derive and receive, gains, profits and advantages from the Plaintiff's trade name, trademark and service mark in an amount that is not presently known to the Plaintiff.  By reason of the aforesaid acts, the Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

109.    As a direct and proximate result of Defendant Salesforce.com's statutory unfair competition, the Defendant has been unjustly enriched in an amount to be determined at trial.

110.    Because of the Defendant's infringement, the Plaintiff has suffered and continues to suffer great and irreparable injury, for which the Plaintiff has no adequate remedy at law.

## **FIFTH CAUSE OF ACTION**

### **(Unjust Enrichment)**

### **(California common law)**

111.    The Plaintiff repeats, realleges, and incorporates by reference each and every previous allegation.

112.    Defendant Salesforce.com has acquired income and profits from the wrongful use of the Plaintiff's property.

113.    The Defendant's retention of the wrongfully acquired income and profits would constitute unjust enrichment.

DOYLE LOW LLP

114.    The Plaintiff is therefore entitled to a judicial declaration that Defendant Salesforce.com holds such income and profits as constructive trustee for the benefit of the Plaintiff; for restitution; and/or other appropriate equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment in their favor against Defendant Salesforce.com for the following relief:

(1)    An order adjudging Defendant Salesforce.com has engaged in trademark, service mark and trade name infringement;

(2)    An order adjudging Defendant Salesforce.com has engaged in unfair competition and false designation of origin;

(3)    An order adjudging Defendant Salesforce.com has been unjustly enriched by the conduct described in this Complaint;

(4)    That Defendant Salesforce.com and its officers, directors, partners, employees, agents, servants and attorneys and those persons in active concert or participation with them be enjoined from:

(a)    Using the *SalesforceOne* trademark, service mark or trade name or any colorable imitation thereof in connection with offering, selling, advertising or promoting the sale of the Defendant's goods and services or from otherwise using the SalesforceOne designation or any marks likely to cause confusion therewith;

(b)    Infringing the *SalesForceOne* trademark, service mark or trade name;

(c)    Unfairly competing with the Plaintiff; and

(d)    Using in connection with its business and/or the sale of any goods or services or the dissemination or distribution advertising, promotional or marketing materials, a false or misleading description or representation including words or other symbols tending to deceive or cause confusion with the Plaintiff or its *SalesForceOne* trade name, trademark or service mark.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.**

DOYLE LOW LLP

(5)    That Defendant Salesforce.com and its officers, directors, partners, employees, agents, servants and attorneys and those persons in active concert or participation with them be enjoined consistent with the safe distance rule including. but not limited to, Defendant being enjoined from using the designation "Salesforce" as a trademark alone without the ".com" associated therewith for which Salesforce was originally incorporated;

(6)    That Defendant Salesforce.com be required to account to the Plaintiff for all profits resulting from the Defendant's infringing activities and unfair competition pursuant to 15 U.S.C. § 1117(a)(1) and California common law and that such award of profits to the Plaintiff be increased by the Court as provided for under 15 U.S.C. § 1117(a);

(7)    That the Plaintiff have a recovery from Defendant Salesforce.com of all damages sustained by the Plaintiff resulting from the Defendant's infringing activities and unfair competition pursuant to 15 U.S.C. § 1117(a)(2);

(8)    That the Plaintiff be awarded restitution of all monies unfairly obtained by Defendant Salesforce.com through its unfair competition;

(9)    That the Plaintiff have a recovery from Defendant Salesforce.com of the costs of this action and the Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a)(3);

(10)    That the Plaintiff be awarded monies in the amount of Defendant Salesforce.com unjust enrichment; and,

(11)    That the Court grant such other or further relief as it deems appropriate.

Dated: May 14, 2015                            Respectfully submitted,

                                               DOYLE LOW LLP

                                               By _____
                                                  Michael J. Low
                                                  Attorneys for Plaintiffs
                                                  SalesForceOne LLC and
                                                  Pars International Computer, Inc.

DOYLE LOW LLP

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury.

Dated: May 14, 2015

Respectfully submitted,

DOYLE LOW LLP

By _____
Michael J. Low
Attorneys for Plaintiffs
SalesForceOne LLC and
Pars International Computer, Inc.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, ETC.**